UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re Subpoena matter in** ) | |
| ) | |
| THOMAS KLINE, *et al.*, ) | |
| ) | Case No. 1:13-mc-01255 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| VICTORIA MORGAN-ALCALA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MOTION TO QUASH

The National Highway Traffic Safety Administration (NHTSA), and on behalf of the employee named in his official capacity, by and through undersigned counsel, respectfully move to quash the subpoena issued in this matter. A proposed order consistent with this motion is attached.

## FACTUAL BACKGROUND

On November 4, 2013, NHTSA received a subpoena purportedly issued under authority of the Superior Court of the District of Columbia in a civil case now pending in the Superior Court of New Jersey, *Kline, et. al. v. Victoria Morgan-Alcala, et al.*, Docket No. MRS-L-3575-08. See Exh. A (subpoena). Counsel for Defendant Loman Auto Group served the subpoena on NHTSA employee Frank S. Borris, Director of NHTSA's Office of Defects Investigation, to appear at a deposition on November 13, 2013 at 10:00 a.m. Id. The subpoena seeks NHTSA documents and Mr. Borris' testimony related to a NHTSA investigation. Id.

The subpoena matter was removed to this Court, consistent with *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 412–15 (D.C. Cir. 1995).  *See* ECF No. 1.  The subpoena is unenforceable and should be quashed as federal executive agencies are immune from subpoena demands arising out of state-court actions, irrespective of whether the subpoena issued from a state court or federal court.

**ARGUMENT**

I. **THE DISTRICT COURT LACKS SUBJECT MATTER JURISICTION OVER THE SUBPOENA.**

The subpoena served on NHTSA is unenforceable as federal executive agencies are immune from subpoena demands arising out of state-court actions, irrespective of whether the subpoena issues from a state court or a federal court.  *See Houston Bus. Journal, Inc. v. Office of Comptroller of Currency*, 86 F.3d 1208, 1212-13 (D.C. Cir. 1996).[1]  Although *Houston Business Journal* involved only a subpoena for documents, the decision also addressed situations involving subpoenas for testimony: "Under *Touhy*, neither state-court nor federal-court litigants may obtain a subpoena *ad testificandum* against an employee of a federal agency that has enacted a *Touhy* regulation."  *Houston Bus. Journal*, 86 F.3d at 1212 n.4 (citations omitted); *cf. Ho v. United States*, 374 F. Supp. 2d 82, 83 (D.D.C. 2005) (quoting *Houston Bus. Journal*, 86 F.3d at 1212 n. 4).

State-court litigants like Loman Auto Group cannot bypass the limitations on the subpoena powers of a state court.  *See Houston Bus. Journal*, 86 F.3d at 1213 (noting that "the federal courts are not free-standing investigative bodies whose coercive power may be brought to

---

[1] "The courts of the District of Columbia are treated as 'state' courts for removal purposes." *Houston Bus. Journal*, 86 F.3d at 413 n.3 (citing *Palmore v. United States*, 411 U.S. 389, 395 n.5 (1973)); *see also* 28 U.S.C. § 1451(1).

bear at will in demanding documents from others").[2]  The jurisdiction of the federal courts is limited and their subpoena power is properly exercised only:

1. when the federal court has subject matter jurisdiction over the underlying action;

2. under circumstances in which an action is otherwise cognizable in a federal court, *see, e.g.*, Fed. R. Civ. P. 27(a); or

3. when the subpoena is "necessary for [a federal] court to determine and rule upon its own jurisdiction, including jurisdiction over the subject matter."

*See id.* (quoting *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79 (1988)).  None of those circumstances apply here.  Moreover, because this Court's jurisdiction in a removed action is derivative of the Superior Court's jurisdiction, this Court cannot order the disclosure of materials unless the Superior Court would have jurisdiction to enter such an order.  *Id.* at 1212; *see Santini v. Herman*, 456 F. Supp. 2d 69, 71 (D.D.C. 2006).

As Loman Auto Group seeks to compel production of documents and testimony from NHTSA, the proper procedure is to make an administrative request in accordance with the Department of Transportation's *Touhy* regulations, not to issue subpoenas from the Civil Division of the Superior Court of the District of Columbia.  *See* 49 C.F.R. pt. 9.  As the D.C. Circuit has stated: "If the agency refuses to produce the requested documents, the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA."  *Houston Bus. Journal*, 86 F. 3d at 1212 (footnote omitted) (citations omitted); *see also Cavanaugh v. Wainstein*, No. 05-123 (GK), 2007 WL 1601723, at *4 (D.D.C. June 4, 2007).  As this Court

---

[2]  In contrast, a federal-court litigant can of course seek to obtain production of documents from a federal agency by means of a federal subpoena because the United States has waived its sovereign immunity in federal-court actions.  *See* 5 U.S.C. § 702.  In such a case, neither the Federal Housekeeping Statute, 5 U.S.C. § 301, nor the Supreme Court's decision in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), authorizes a federal agency to withhold documents.  *See Houston Bus. Journal*, 86 F.3d at 1212 (quoting *Exxon Shipping Co. v. U.S. Dep't of the Interior*, 34 F.3d 774, 777-78 (9th Cir. 1994)).

lacks subject matter jurisdiction over the subpoena and cannot compel NHTSA's compliance with it, the subpoena should be quashed.

## CONCLUSION

For the foregoing reasons, NHTSA respectfully submits that the subpoena is invalid and unenforceable. The subpoena should be quashed and this action should be dismissed.

Dated: November 7, 2013

>Respectfully submitted,
>
>RONALD C. MACHEN JR., D.C. Bar #447889
>United States Attorney
>
>DANIEL F. VAN HORN, D.C. Bar #924092
>Chief, Civil Division
>
>By:   /s/
>      KEVIN M. LADEN, Va. State Bar # 48478
>      Special Assistant United States Attorney
>      555 4th Street, N.W.
>      Washington, D.C. 20530
>      (202) 252-2569
>      kevin.laden@usdoj.gov

- 5 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Motion to Quash has been made by United States mail to:

Lucinda McLaughlin
Callahan & Fusco, LLC
72 Eagle Rock Avenue, Suite 320
East Hanover, New Jersey 07936

Patricia H. Beal
600 Baltimore Avenue
Suite 305
Towson, MD 21204

on this 7th day of November 2013.

    /s/
Kevin M. Laden, Va. State Bar # 48478
Special Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2569
kevin.laden@usdoj.gov